# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

IDA DILWOOD; JOSEPH DILWOOD;
PHILLIP HARMAN; TYBER LIESER; RENEE
COOPER; BRITTANY ALLWEIN;
JOSEPHINE LEJEUNE; ROLAND LEJEUNE;
MELISSA CULLEN-RODRIGUEZ,
individually and as parent and natural guardian
of E.R., minor child; DAVID RODRIGUEZ,
JR.; CHRISTOPHER BEDEL; FRANCES
BEDEL; RAYMOND BRECKENRIDGE;
MICHELLE A. GONZALEZ, individually and
as parent and natural guardian of S.G. and R.G.,
minor children; JOSHUA KYLER, individually
and as parent and natural guardian of S.K., B.K.,
and L.K., minor children; JOANNA KYLER;
TONYA DORSEY; DONNA VAN HOOSE;
SELENA LICHTENBERG; JOSHUA HEARN;
STEWERT HEARN; GEORGE JORDAN;
AUGUSTA JORDAN; DONNA HEARN;
KEIPA PEOPLES; COLLEEN PUSTOLA;
PAULA SMITH; ELIZABETH ROBERTS;
CARL WOOLDRIDGE; MICHELLE
WOOLDRIDGE; RANDY LYNN; KELLY
VIGIL; THOMAS LAWAND, individually and
as parent and natural guardian of A.L., minor
child; MAYO ARTIES; MICHELLE ARTIES;
GREGORY DAVIS; BARBARA HINES;
JOSEPH DONOFRIO; LEANN WEKAMP-
PORRELLO; ROBERT WEKAMP; SUSAN
WEKAMP; DANIEL MARTINEZ; DIANE
MARTINEZ; JEREMY RIFFE; BARBARA
GROSS; JOHNNY GARCIA; LISA GARCIA;
CAROLYN MCQUEEN; GREGORY
GRIFFITH; KATHRYN MCNAMARA;
RICHARD MCNAMARA; CHAD MYROM;
TRACEY THOMAS, individually and as parent

and natural guardian of S.T., minor child;
JAMES THOMAS; RONALD MARTINEZ;
MARION MARTINEZ; Brooke Sailor,
individually and as parent and natural guardian
of Z.P. and T.P., minor children;
CHRISTOPHER SMITH; RON HENARD;
SHARON HENARD; TYRELL NAKILA;
TERRY HASSMAN; ROBERTA HASSMAN;
LINDA PRESSEY; JACOB MAYNARD;
DANNY MCCLATCHER; MARLIES GLASS;
JOSEPH GLASS; CHARLENE GENNITTI;
LAURA GENNITTI; LINDA MITCHELL,
individually and as parent and natural guardian
of K.M., a minor child; RONALD WILSON;
RICHARD FLOYD; EDWIN WORRELL;
MEREN SELOBER; CHRISTOPHER DIKE;
DERRICK KNIGHT; ROBERT CAMPBELL;
MARJORIE BRANDON; RICHARD
COLEGROVE; THOMAS MARTINEZ;
HUBERT HOH; ANALISA WHITTAKER;
SALLY ARNETT; TODD EVERS; KRISTINE
EVERS; SETH MCCARGAR; DOMINIQUE
WALLACE; WILLIAM WALLACE; JAMES
KUZNICKI; KATHLEEN LEWIS; AMBER
BABERS; AARON EWERT; DANIEL
PETERSON; SHIRLEY PETERSON; PAUL
FEDELIN; RACHEL FEDELIN; SUSANNE
SCHWALBE, individually and as parent and
natural guardian of L.S. B.S., and C.S., minor
children; SVEN SCHWALBE; ELMER
GAMBALA; MICHELLE SOHLBERG;
STEPHANIE JONES; SALLY WHITE;
RICHARD WHITE; JOHN TIATIA;
ZACHARY TOKACH; SONIA
MONEYPENNY; Gerry Martinez, individually
and as parent and natural guardian of M.C. and
I.M., minor children; KEITH KING;
ALEXANDER MILLER; STEVE CRUMP;
JOSEPH KENNEDY; GINA GOODLOE;
PHILLIP GOODLOE, II; JACOB JUAREZ;

MERLINDA JUAREZ; DEBORAH
CUCHIARA; MICHAEL PETERSON;
ALYSSA ROGER; CLINTON ROLF; BOBBIE
BLANCO-ROPER, individually and as parent
and natural guardian of M.R., minor child;
FIDELINA FRANCO, individually and as
parent and natural guardian of D.F., minor child;
PHILLIP FRANCO; KARL STUDDARD,
individually and as parent and natural guardian
of A.S., minor child; STEPHANIE
STUDDARD; SHERRY COX; DERRICK
COX; VALERIE SELFE; LIBRAN SELFE;
JIMMIE ROOT; EUGENIE ROOT;
SUNSHYNE POWELL, individually and as
parent and natural guardian of K.P., minor child;
NICK POWELL; MARIO PEREZ; SHARLA
HERNANDEZ; LOUIS MATHEWS; YONG
CHI MATHEWS; JENNIFER BISPING;
MICHAEL BORGHI; ANTHONY
BETANCOURT; RYAN NEIGHLY;
SAMANTHIA BOYD; JAMES GOSSELIN;
ANNAMARIE QUIJADA; JONIQUA COLE;
Sherry Hunter, individually and as parent and
natural guardian of B.H. and S.F., minor
children; AMBER FORD; BRANDE FORD;
PETER CANO; JULIA SWONGER,
individually and as parent and natural guardian
of A.S., minor child; STEVEN SWONGER;
SHERRI WITCHER; KATHLEEN GROVES;
KATHERINE BAKER; JAMIE GIBSON,
individually and as parent and natural guardian
of K.G., minor child; KATHY METZGER-
MARTINEZ; WALTER BRETTSCHNEIDER;
LINDA FRAZIER; NICKEY CLORE;
JEROME GORDON, SR.; DEDRICK
PAPPROTH; AMANDA SHEA; LARRY
SHEA; JEFFERY FOSTER; ELIZABETH
FOSTER; ALEXANDRIA OHMES; MICHAEL
SABO;; CELIA ANCHETA; RONALD
JEFFERSON; ROBERT YOUNG; PATRICK

3

GORMAN; MICHAEL HALL; KATIE POE;
RYAN CARLI; SANDRA PORTER,
individually and as parent and natural guardian
of R.P. and K.P., minor children; LESLEY
BURSHA; BRANDY CRISMAN; RONALD
INGRAM; PHILLIP THOMAS II, PHILLIP
BENJAMIN THOMAS, PHILLIP JONATHAN
THOMAS, DEBORAH PINA-THOMAS as
parent and natural guardian of P.T., III,


*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs, by and through their undersigned counsel, hereby file this Complaint and Jury

Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and

4

Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## **INTRODUCTION**

1.      The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado. This complaint is a related action to *Bell, et al., v. The 3M Company, et al*., 16-cv-2351-RBJ.

2.      The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

3.      The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

4.      Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

5

5.      The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

6.      The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

7.      The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

8.      The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

9.      On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

10.     As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

11.     In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

12.     Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

13.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

14.     In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water, including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

15.     It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

16.     Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

17.     By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

18.     EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

19.     Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.
[2] *Id.*
[3] *Id.*

Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

20.    These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

21.    The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

22.    Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

23.    The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

24.    The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

25.    The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and

---

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final%20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

26.    The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

27.    There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

28.    The Plaintiffs in this complaint are all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado.

**Health Effects of PFOS and PFOA Exposure**

29.    Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

30.    PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

31.    The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

32.     In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

33.     In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

34.     In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

35.     The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

36.     According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

37.     Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

38.     On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

39.     Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

40.     The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated puberty. It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

## PLAINTIFF'S EXPOSURE AND DAMAGES

41.     Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

42.     Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

43.     Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury, property damage, and the diminution of property values due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

44.     The properties of the Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

45.     Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal and private

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

46.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

47.     This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

48.     "Pursuant to 28 U.S.C. § 1332, a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of all interest and costs, taking into account the nature and extent of the injuries and damages sustained by each individual Plaintiff, and the reasonable economic and non-economic injuries and damages sustained by each individual Plaintiff."

49.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

## PARTIES

50.     Plaintiff Ida Dilwood currently resides at 7274 Edgebrook Dr., Colorado Springs, CO 80922. As a result of Ida Dilwood's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ida Dilwood has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

51.     Plaintiff Joseph Dilwood currently resides at 7274 Edgebrook Dr., Colorado Springs, CO 80922. As a result of Joseph Dilwood's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Joseph Dilwood has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

52.    Plaintiff Phillip Harman currently resides at 7275 Grand Valley Dr., Colorado Springs, CO 80911. As a result of Phillip Harman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phillip Harman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

53.    Plaintiff Tyber Lieser currently resides at 728 East Cimarron Street, Colorado Springs, CO 80903. As a result of Tyber Lieser's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tyber Lieser has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

54.    Plaintiff Renee Cooper currently resides at 7280 Alegre Circle #4, Fountain, CO 80817. As a result of Renee Cooper's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Renee Cooper has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and high cholesterol.

55.    Plaintiff Brittany Allwein currently resides at 7285 Dobbs Dr, Fountain, CO 80817. As a result of Brittany Allwein's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brittany Allwein has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

56.    Plaintiff Josephine Lejeune currently owns and resides at 7290 Metropolitan St., Colorado Springs, CO 80911. As a result of Josephine Lejeune's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Josephine Lejeune has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

57.     Plaintiff Roland Lejeune currently owns and resides at 7290 Metropolitan St., Colorado Springs, CO 80911. As a result of Roland Lejeune's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roland Lejeune has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

58.     Plaintiff Melissa Cullen-Rodriguez, individually and as parent and natural guardian of E.R., currently resides at 7290 Tilden Street, Colorado Springs, CO 80911 with minor child E.R. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Melissa Cullen-Rodriguez and E.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

59.     Plaintiff David Rodriguez, Jr. currently resides at 7290 Tilden Street, Colorado Springs, CO 80911. As a result of David Rodriguez, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Rodriguez, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

60.     Plaintiff Christopher Bedel currently owns and resides at 73 Sherri Dr., Colorado Springs, CO 80911. As a result of Christopher Bedel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Bedel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

61.     Plaintiff Frances Bedel resided at 73 Sherri Dr., Colorado Springs, CO 80911 for all times relevant herein. As a result of Frances Bedel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frances Bedel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

62.    Plaintiff Raymond Breckenridge currently resides at 731 Grand Ave Lot #32, Platteville, CO 80651. As a result of Raymond Breckenridge's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Raymond Breckenridge has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Ulcerative Colitis.

63.    Plaintiff Michelle A. Gonzalez, individually and as parent and natural guardian of S.G., currently owns and resides at 731 Greenbush Drive, Security, CO 80911, with minor child S.G. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Gonzalez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems, and S.G. has elevated levels of PFOA, PFOS, and/or PFCs in their blood.

64.    Plaintiff Michelle A. Gonzalez, individually and as parent and natural guardian of R.G., currently owns and resides at 731 Greenbush Drive, Security, CO 80911, with minor child R.G. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Gonzalez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems, and R.G. has elevated levels of PFOA, PFOS, and/or PFCs in their blood.

65.    Plaintiff Joshua Kyler, individually and as parent and natural guardian of S.K., currently owns and resides at 7310 Handcraft Court, Colorado Springs, CO 80911 with minor child S.K.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Kyler and S.K. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

66.     Plaintiff Joshua Kyler, individually and as parent and natural guardian of B.K., currently owns and resides at 7310 Handcraft Court, Colorado Springs, CO 80911 with minor child B.K. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Kyler and B.K. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

67.     Plaintiff Joshua Kyler, individually and as parent and natural guardian of L.K., currently owns and resides at 7310 Handcraft Court, Colorado Springs, CO 80911 with minor child L.K. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Kyler and L.K. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

68.     Plaintiff Joanna Kyler currently owns and resides at 7310 Handcraft Court, Colorado Springs, CO 80911. As a result of Joanna Kyler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joanna Kyler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

69.     Plaintiff Tonya Dorsey currently owns and resides at 7310 Nugget Court, Security, CO 80911. As a result of Tonya Dorsey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tonya Dorsey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

70.     Plaintiff Donna Van Hoose currently resides at 7319 Glenburn Drive, Fountain, CO 80817. As a result of Donna Van Hoose's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donna Van Hoose has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Problems.

16

71.     Plaintiff Selena Lichtenberg currently resides at 7323 Creek Front Drive, Fountain, CO 80817. As a result of Selena Lichtenberg's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Selena Lichtenberg has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

72.     Plaintiff Joshua Hearn currently resides at 7325 Franconia Drive, Fountain, CO 80817. As a result of Joshua Hearn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Hearn has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

73.     Plaintiff Stewert Hearn currently resides at 7325 Franconia drive, Colorado Springs, CO 80917. As a result of Stewert Hearn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stewert Hearn has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

74.     Plaintiff George Jordan currently owns and resides at 7325 Franconia Drive, Colorado Springs, CO 80917. As a result of George Jordan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, George Jordan has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

75.     Plaintiff Augusta Jordan currently resides at 7325 Franconia Drive, Colorado Springs, CO 80917. As a result of Augusta Jordan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Augusta Jordan has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

76.     Plaintiff Donna Hearn currently resides at 7325 Franconia drive, Fountain, CO 80817. As a result of Donna Hearn's exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, Donna Hearn has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

77.     Plaintiff Keipa Peoples currently owns and resides at 7325 Painted Rock Drive, Colorado Springs, CO 80911. As a result of Keipa Peoples's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Keipa Peoples has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

78.     Plaintiff Colleen Pustola currently owns and resides at 7325 Windy Peak Dr, Colorado Springs, CO 80911. As a result of Colleen Pustola's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Colleen Pustola has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

79.     Plaintiff Paula Smith currently resides at 7328 Jagged Rock Circle, Colorado Springs, CO 80927. As a result of Paula Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paula Smith has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

80.     Plaintiff Elizabeth Roberts currently resides at 7328 Jagged Rock Circle, Colorado Springs, CO 80927. As a result of Elizabeth Roberts's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Roberts has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

81.     Plaintiff Carl Wooldridge currently resides at 7330 Nugget Court, Security, CO 80911. As a result of Carl Wooldridge's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carl Wooldridge has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

82.    Plaintiff Michelle Wooldridge currently owns and resides at 7330 Nugget Court, Colorado Springs, CO 80911. As a result of Michelle Wooldridge's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Wooldridge has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems.

83.    Plaintiff Randy Lynn currently resides at 7330 Nugget Court, Colorado Springs, CO 80911. As a result of Randy Lynn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Randy Lynn has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

84.    Plaintiff Kelly Vigil currently owns and resides at 7337 Coral Ridge Drive, Colorado Springs, CO 80925. As a result of Kelly Vigil's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kelly Vigil has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

85.    Plaintiff Thomas Lawand, individually and as parent and natural guardian of A.L., currently resides at 7339 Sandy Springs Point, Fountain, CO 80817 with minor child A.L. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Lawand and A.L. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Thomas Lawand has been diagnosed with High Cholesterol.

86.    Plaintiff Mayo Arties currently owns and resides at 735 Fleming Street, Colorado Springs, CO 80911. As a result of Mayo Arties's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mayo Arties has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

87.    Plaintiff Michelle Arties currently owns and resides at 735 Fleming Street,

19

Colorado Springs, CO 80911. As a result of Michelle Arties's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Arties has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

88.    Plaintiff Gregory Davis currently owns and resides at 7350 Ross Drive, Colorado

Springs, CO 80925. As a result of Gregory Davis's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Gregory Davis has elevated levels of PFOA, PFOS,

and/or PFCs in plaintiff's blood.

89.    Plaintiff Barbara Hines currently owns and resides at 7350 Silverdale St,

Colorado Springs, CO 80911. As a result of Barbara Hines's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Barbara Hines has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

90.    Plaintiff Joseph Donofrio currently owns and resides at 7355 Songbird Drive,

Colorado Springs, CO 80911. As a result of Joseph Donofrio's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Donofrio has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Testicular Cancer.

91.    Plaintiff Leann Wekamp-Porrello currently owns and resides at 7360 Painted

Rock, Colorado Springs, CO 80911. As a result of Leann Wekamp-Porrello's exposure to

elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Leann Wekamp-

Porrello has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been

diagnosed with Ulcerative Colitis.

92.    Plaintiff Robert Wekamp currently resides at 7360 Painted Rock Drive, Colorado

Springs, CO 80911. As a result of Robert Wekamp's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Robert Wekamp has elevated levels of PFOA,

PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid
Problems.

93.     Plaintiff Susan Wekamp currently owns and resides at 7360 Painted Rock Drive,
Colorado Springs, CO 80911. As a result of Susan Wekamp's exposure to elevated levels of
PFOA, PFOS, and/or PFCs in the drinking water supply, Susan Wekamp has elevated levels of
PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

94.     Plaintiff Daniel Martinez currently owns and resides at 7360 Waterwheel Street,
Colorado Springs, CO 80911. As a result of Daniel Martinez's exposure to elevated levels of
PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Martinez has elevated levels of
PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

95.     Plaintiff Diane Martinez currently owns and resides at 7360 Waterwheel Street,
Colorado Springs, CO 80911. As a result of Diane Martinez's exposure to elevated levels of
PFOA, PFOS, and/or PFCs in the drinking water supply, Diane Martinez has elevated levels of
PFOA, PFOS, and/or PFCs in plaintiff's blood, high cholesterol, and thyroid disease.

96.     Plaintiff Jeremy Riffe currently resides at 7361 Glenburn Dr, Fountain, CO
80817. As a result of Jeremy Riffe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in
the drinking water supply, Jeremy Riffe has elevated levels of PFOA, PFOS, and/or PFCs in
plaintiff's blood.

97.     Plaintiff Barbara Gross currently resides at 7361 Tilden Street, Colorado Springs,
CO 80911. As a result of Barbara Gross's exposure to elevated levels of PFOA, PFOS, and/or
PFCs in the drinking water supply, Barbara Gross has elevated levels of PFOA, PFOS, and/or
PFCs in plaintiff's blood.

98.     Plaintiff Johnny Garcia currently owns and resides at 7371 Tributary Court, Fountain, CO 80817. As a result of Johnny Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Johnny Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

99.     Plaintiff Lisa Garcia currently owns and resides at 7371 Tributary Court, Fountain, CO 80817. As a result of Lisa Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

100.     Plaintiff Carolyn McQueen currently resides at 7385 Songbird Drive, Colorado Springs, CO 80911. As a result of Carolyn McQueen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carolyn McQueen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

101.     Plaintiff Gregory Griffith currently resides at 7406 Sue Lane, Colorado Springs, CO 80925. As a result of Gregory Griffith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gregory Griffith has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

102.     Plaintiff Kathryn McNamara currently owns and resides at 7418 Colonial Lane, Fountain, CO 80817. As a result of Kathryn McNamara's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathryn McNamara has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and thyroid conditions.

103.     Plaintiff Richard McNamara currently owns and resides at 7418 Colonial Lane, Fountain, CO 80817. As a result of Richard McNamara's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Richard McNamara has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and high cholesterol.

104.    Plaintiff Chad Myrom currently owns and resides at 7430 Woodstock St, Colorado Springs, CO 80911. As a result of Chad Myrom's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Chad Myrom has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

105.    Plaintiff Tracey Thomas, individually and as parent and natural guardian of S.T., currently resides at 7436 Antelope Meadows Circle, Peyton, CO. 80831. Tracey Thomas, individually and as parent and natural guardian of S.T., lived at 419 Squire Court, Colorado Springs, CO 80911 with minor child S.T for all times relevant herein. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tracey Thomas and S.T. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Tracey Thomas has been diagnosed with Thyroid Problems.

106.    Plaintiff James Thomas currently owns and resides at 7436 Antelope Meadows Circle, Peyton, CO. 80831. James Thomas lived at 419 Squire Court, Colorado Springs, CO 80911 for all times relevant herein. As a result of James Thomas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Thomas has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

107.    Plaintiff Ronald Martinez currently owns and resides at 7435 Painted Rock Drive, Colorado Springs, CO 80911. As a result of Ronald Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ronald Martinez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and high cholesterol.

108.    Plaintiff Marion Martinez currently owns and resides at 7435 Painted Rock Drive, Colorado Springs, CO 80911. As a result of Marion Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marion Martinez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

109.    Plaintiff Brooke Sailor, individually and as parent and natural guardian of Z.P., currently resides at 7445 Painted Rock Drive, Colorado Springs, CO 80911 with minor child Z.P. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brooke Sailor and Z.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. Brook Sailor has high cholesterol, thyroid conditions, and pregnancy issues.

110.    Plaintiff Brooke Sailor, individually and as parent and natural guardian of T.P., currently resides at 7445 Painted Rock Drive, Security, CO 80911 with minor child T.P. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brooke Sailor and T.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. Brook Sailor has high cholesterol, thyroid conditions, and pregnancy issues.

111.    Plaintiff Christopher Smith currently resides at 7445 Woodstock Street, Colorado Springs, CO 80911. As a result of Christopher Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Smith has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

112.    Plaintiff Ron Henard currently owns and resides at 7450 Fortman Ave, Fountain, CO 80817. As a result of Ron Henard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ron Henard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

113.    Plaintiff Sharon Henard currently owns and resides at 7450 Fortman Ave,

Fountain, CO 80817. As a result of Sharon Henard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sharon Henard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

114.    Plaintiff Tyrell Nakila currently resides at 7450 Fortman Avenue, Fountain, CO 80817. As a result of Tyrell Nakila's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tyrell Nakila has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

115.    Plaintiff Terry Hassman currently resides at 7452 Colonial Drive, Fountain, CO 80817. As a result of Terry Hassman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Terry Hassman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

116.    Plaintiff Roberta Hassman currently resides at 7452 Colonial Drive, Fountain, CO 80817. As a result of Roberta Hassman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roberta Hassman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

117.    Plaintiff Linda Pressey currently owns and resides at 7455 Treasure Trail Circle, Colorado Springs, CO 80911. As a result of Linda Pressey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Pressey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis.

118.    Plaintiff Jacob Maynard currently owns and resides at 7455 Waterwheel Street, Colorado Springs, CO 80911. As a result of Jacob Maynard's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Jacob Maynard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

119.    Plaintiff Danny McClatcher currently owns and resides at 7456 Colonial Drive, Fountain, CO 80817. As a result of Danny McClatcher's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Danny McClatcher has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and high cholesterol.

120.    Plaintiff Marlies Glass currently resides at 7460 Woodstock St., Colorado Springs, CO 80911. As a result of Marlies Glass's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marlies Glass has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

121.    Plaintiff Joseph Glass currently owns and resides at 7460 Woodstock St., Colorado Springs, CO 80911. As a result of Joseph Glass's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Glass has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

122.    Plaintiff Charlene Gennitti currently resides at 7473 Fortman Avenue, Fountain, CO 80817. As a result of Charlene Gennitti's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charlene Gennitti has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

123.    Plaintiff Laura Gennitti currently resides at 7473 Fortman Avenue, Fountain, CO 80817. As a result of Laura Gennitti's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Laura Gennitti has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

124.    Plaintiff Linda Mitchell, individually and as the natural parent and guardian of K.M., a minor child, currently resides at 7479 Araia Drive, Fountain, CO 80817. As a result of Linda Mitchell's and K.M.'sexposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Mitchell and K.M. have elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

125.    Plaintiff Ronald Wilson currently owns and resides at 7485 Franconia Terrace, Fountain, CO 80817. As a result of Ronald Wilson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ronald Wilson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

126.    Plaintiff Richard Floyd currently owns and resides at 7485 Waterwheel Street, Colorado Springs, CO 80911. As a result of Richard Floyd's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Floyd has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

127.    Plaintiff Edwin Worrell currently resides at 7487 Dutch Loop, Colorado Springs, CO 80925. As a result of Edwin Worrell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Edwin Worrell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

128.    Plaintiff Meren Selober currently resides at 7488 Silver Bow Drive, Colorado Springs, CO 80925. As a result of Meren Selober's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Meren Selober has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has thyroid disease and high cholesterol.

129.    Plaintiff Christopher Dike currently owns and resides at 7488 Silverbow Drive,

Colorado Springs, CO 80925. As a result of Christopher Dike's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Dike has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

130.    Plaintiff Derrick Knight currently owns and resides at 7493 Campstool Drive, Colorado Springs, CO 80922. As a result of Derrick Knight's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Derrick Knight has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with high cholesterol.

131.    Plaintiff Robert Campbell currently owns and resides at 7498 Fortman Avenue, Fountain, CO 80817. As a result of Robert Campbell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Campbell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with high choleserol.

132.    Plaintiff Marjorie Brandon currently owns and resides at 7510 Sneffels Street, Colorado Springs, CO 80911. As a result of Marjorie Brandon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marjorie Brandon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

133.    Plaintiff Richard Colegrove currently owns and resides at 7515 Silver Bow Drive, Colorado Springs, CO 80925. As a result of Richard Colegrove's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Colegrove has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

134.    Plaintiff Thomas Martinez currently owns and resides at 753 West Ward Lane, Palmer Lake, CO 80133. As a result of Thomas Martinez's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Thomas Martinez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with high cholesterol.

135.    Plaintiff Hubert Hoh currently resides at 7540 Deer Trail, Colorado Springs, CO 80911. As a result of Hubert Hoh's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Hubert Hoh has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

136.    Plaintiff Analisa Whittaker currently resides at 7540 Vineland Trail, Colorado Springs, CO 80911. As a result of Analisa Whittaker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Analisa Whittaker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

137.    Plaintiff Sally Arnett currently resides at 7550 Assisi Heights, Colorado Springs, CO 80919. As a result of Sally Arnett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sally Arnett has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

138.    Plaintiff Todd Evers currently owns and resides at 7550 Sail Wind Drive, Colorado Springs, CO 80925. As a result of Todd Evers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Todd Evers has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

139.    Plaintiff Kristine Evers currently owns and resides at 7550 Sailwind Drive, Colorado Springs, CO 80925. As a result of Kristine Evers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristine Evers has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

140.    Plaintiff Seth McCargar currently resides at 7550 Sunbeam Way, Colorado Springs, CO 80911. As a result of Seth McCargar's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Seth McCargar has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

141.    Plaintiff Dominique Wallace currently resides at 7570 Painted Rock Drive, Colorado Springs, CO 80911. As a result of Dominique Wallace's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dominique Wallace has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

142.    Plaintiff William Wallace currently owns and resides at 7570 Painted Rock Drive, Colorado Springs, CO 80911. As a result of William Wallace's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Wallace has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

143.    Plaintiff James Kuznicki currently resides at 7574 Sailwind Dr., Colorado Springs, CO 80925. As a result of James Kuznicki's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Kuznicki has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

144.    Plaintiff Kathleen Lewis currently owns and resides at 7588 Middle A Way, Fountain, CO 80817. As a result of Kathleen Lewis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathleen Lewis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

145.    Plaintiff Amber Babers currently resides at 7615 Sun Prairie Drive, Colorado Springs, CO 80925. As a result of Amber Babers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amber Babers has elevated levels of PFOA, PFOS,

and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

146.    Plaintiff Aaron Ewert currently owns and resides at 7616 Fiona Lane, Fountain, CO 80817. As a result of Aaron Ewert's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Aaron Ewert has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

147.    Plaintiff Daniel Peterson currently owns and resides at 7630 Sunny View Lane, Colorado Springs, CO 80911. As a result of Daniel Peterson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Peterson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

148.    Plaintiff Shirley Peterson currently owns and resides at 7630 Sunny View Lane, Colorado Springs, CO 80911. As a result of Shirley Peterson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shirley Peterson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems.

149.    Plaintiff Paul Fedelin currently owns and resides at 7631 Fiona Lane, Fountain, CO 80817. As a result of Paul Fedelin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paul Fedelin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

150.    Plaintiff Rachel Fedelin currently owns and resides at 7631 Fiona Lane, Fountain, CO 80817. As a result of Rachel Fedelin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rachel Fedelin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

151.    Plaintiff Susanne Schwalbe, individually and as parent and natural guardian of L.S., currently owns and resides at 7651 Sun Prairie Drive, Colorado Springs, CO 80925 with minor child L.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Susanne Schwalbe and L.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. Susanne Schwalbe has been diagnosed with pregnancy problems.

152.    Plaintiff Susanne Schwalbe, individually and as parent and natural guardian of C.S., currently owns and resides at 7651 Sun Prairie Drive, Colorado Springs, CO 80925 with minor child C.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Susanne Schwalbe and C.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. Susanne Schwalbe has been diagnosed with pregnancy problems.

153.    Plaintiff Susanne Schwalbe, individually and as parent and natural guardian of B.S., currently owns and resides at 7651 Sun Prairie Drive, Colorado Springs, CO 80925 with minor child B.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Susanne Schwalbe and B.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. Susanne Schwalbe has been diagnosed with pregnancy problems.

154.    Plaintiff Sven Schwalbe currently owns and resides at 7651 Sun Prairie Drive, Colorado Springs, CO 80925. As a result of Sven Schwalbe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sven Schwalbe has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

155.    Plaintiff Elmer Gambala currently resides at 7660 Sunny View Lane, Colorado Springs, CO 80911. As a result of Elmer Gambala's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elmer Gambala has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

156.    Plaintiff Michelle Sohlberg currently owns and resides at 7688 High Gate Drive, Fountain, CO 80817. As a result of Michelle Sohlberg's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Sohlberg has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with pregnancy problems.

157.    Plaintiff Stephanie Jones currently resides at 77 Leta Drive, Colorado Springs, CO 80911. As a result of Stephanie Jones's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Jones has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

158.    Plaintiff Sally White currently resides at 77 McBurney Boulevard, Colorado Springs, CO 80911. As a result of Sally White's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sally White has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

159.    Plaintiff Richard White currently resides at 77 McBurney Drive, Colorado Springs, CO 80911. As a result of Richard White's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard White has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

160.    Plaintiff John Tiatia currently owns and resides at 770 Stargate Dr, Colorado Springs, CO 80911. As a result of John Tiatia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Tiatia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with high cholesterol.

161.    Plaintiff Zachary Tokach currently owns and resides at 7708 Firecracker Trail, Fountain, CO 80817. As a result of Zachary Tokach's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Zachary Tokach has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

162.    Plaintiff Sonia Moneypenny currently owns and resides at 7730 Feldspar Drive, Colorado Springs, CO 80911. As a result of Sonia Moneypenny's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sonia Moneypenny has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

163.    Plaintiff Gerry Martinez, individually and as parent and natural guardian of M.C., currently resides at 7738 Paca Place, Fountain, CO 80817 with minor child M.C. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gerry Martinez and M.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

164.    Plaintiff Gerry Martinez, individually and as parent and natural guardian of I.M., currently resides at 7738 Paca Place, Fountain, CO 80817 with minor child I.M. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gerry Martinez and I.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

165.    Plaintiff Keith King currently resides at 7746 Sandy Springs Point, Fountain, CO 80817. As a result of Keith King's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Keith King has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with high cholesterol.

166.    Plaintiff Alexander Miller currently resides at 775 Kisker Court, Colorado Springs, CO 80911. As a result of Alexander Miller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alexander Miller has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

167.    Plaintiff Steve Crump currently owns and resides at 775 Stargate Drive, Colorado Springs, CO 80911. As a result of Steve Crump's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steve Crump has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

168.    Plaintiff Joseph Kennedy currently owns and resides at 7779 Bentwater Drive, Fountain, CO 80817. As a result of Joseph Kennedy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Kennedy has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with high cholesterol.

169.    Plaintiff Gina Goodloe currently owns and resides at 7785 Landover Lane, Fountain, CO 80817. As a result of Gina Goodloe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gina Goodloe has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

170.    Plaintiff Phillip Goodloe, II currently owns and resides at 7785 Landover Lane, Fountain, CO 80817. As a result of Phillip Goodloe, II's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phillip Goodloe, II has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

171.    Plaintiff Jacob Juarez currently owns and resides at 7820 Woody Creek Dr, Colorado Springs, CO 80911. As a result of Jacob Juarez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jacob Juarez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

172.    Plaintiff Merlinda Juarez currently owns and resides at 7820 Woody Creek Dr., Colorado Springs, CO 80911. As a result of Merlinda Juarez's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Merlinda Juarez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

173.    Plaintiff Deborah Cuchiara currently owns and resides at 7823 Dutch Loop, Colorado Springs, CO 80925. As a result of Deborah Cuchiara's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deborah Cuchiara has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

174.    Plaintiff Michael Peterson currently owns and resides at 7834 Antigua Pt, Colorado Springs, CO 80920. As a result of Michael Peterson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Peterson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

175.    Plaintiff Alyssa Roger currently resides at 7837 Candlelight Lane, Fountain, CO 80817. As a result of Alyssa Roger's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alyssa Roger has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

176.    Plaintiff Clinton Rolf currently resides at 7837 Candlelight Lane, Fountain, CO 80817. As a result of Clinton Rolf's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Clinton Rolf has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

177.    Plaintiff Bobbie Blanco-Roper, individually and as parent and natural guardian of M.R., currently resides at 7837 Candlelight Lane, Fountain, CO 80817 with minor child M.R. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Bobbie Blanco-Roper and M.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

178.    Plaintiff Fidelina Franco, individually and as parent and natural guardian of D.F., currently resides at 784 Chapman Drive Apt, Colorado Springs, CO 80916, with minor child, D.F.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Fidelina Franco and D.F. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and D.F. has been diagnosed with Pregnancy Problems.

179.    Plaintiff Phillip Franco currently resides at 784 Chapman Drive Apt #3, Colorado Springs, CO 80916. As a result of Phillip Franco's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phillip Franco has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

180.    Plaintiff Karl Studdard, individually and as parent and natural guardian of A.S., currently resides at 785 Rundle Ct, Colorado Springs, CO 80911, with minor child, A.S.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Karl Studdard and A.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and A.S. has been diagnosed with Pregnancy Problems.

181.    Plaintiff Stephanie Studdard currently resides at 785 Rundle Ct, Colorado Springs, CO 80911. As a result of Stephanie Studdard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Studdard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

182.    Plaintiff Sherry Cox currently owns and resides at 7889 Lantern Lane, Fountain, CO 80817. As a result of Sherry Cox's exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, Sherry Cox has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

183.    Plaintiff Derrick Cox currently owns and resides at 7889 Lantern Lane, Fountain, CO 80817. As a result of Derrick Cox's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Derrick Cox has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

184.    Plaintiff Valerie Selfe currently owns and resides at 7917 Enclave Lane, Fountain, CO 80817. As a result of Valerie Selfe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Valerie Selfe has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

185.    Plaintiff Libran Selfe currently owns and resides at 7917 Enclave Ln, Fountain, Fountain, CO 80817. As a result of Libran Selfe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Libran Selfe has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

186.    Plaintiff Jimmie Root currently resides at 7939 Bonfire Trail, Fountain, CO 80817. As a result of Jimmie Root's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jimmie Root has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

187.    Plaintiff Eugenie Root currently owns and resides at 7939 Bonfire Trail, Fountain, CO 80817. As a result of Eugenie Root's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Eugenie Root has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

188.    Plaintiff Sunshyne Powell, individually and as parent and natural guardian of K.P., currently owns and resides at 7971 Moondance trail, Fountain, CO 80817 with minor child K.P. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sunshyne Powell and K.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

189.    Plaintiff Nick Powell currently owns and resides at 7971 Moondance Trail, Fountain, CO 80817. As a result of Nick Powell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nick Powell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

190.    Plaintiff Mario Perez currently resides at 7983 Hurley Drive, Fountain, CO 80817. As a result of Mario Perez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mario Perez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

191.    Plaintiff Sharla Hernandez currently owns and resides at 7997 Firecracker Trail, Fountain, CO 80817. As a result of Sharla Hernandez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sharla Hernandez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

192.    Plaintiff Louis Mathews currently owns and resides at 80 Susanne Circle, Colorado Springs, CO 80911. As a result of Louis Mathews's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Louis Mathews has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

193.    Plaintiff Yong Chi Mathews currently owns and resides at 80 Susanne Circle, Colorado Springs, CO 80911. As a result of Yong Chi Mathews's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Yong Chi Mathews has elevated levels

of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy

Problems; Thyroid Problems.

194.    Plaintiff Jennifer Bisping currently owns and resides at 800 South Santa Fe Unit

D 15, Fountain, CO 80817. As a result of Jennifer Bisping's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Jennifer Bisping has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

195.    Plaintiff Michael Borghi currently resides at 800 South Santa Fe Space A 34,

Fountain, CO 80817. As a result of Michael Borghi's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Michael Borghi has elevated levels of PFOA,

PFOS, and/or PFCs in plaintiff's blood.

196.    Plaintiff Anthony Betancourt currently resides at 800 South Santa Fe #E15,

Fountain, CO 80817. As a result of Anthony Betancourt's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Anthony Betancourt has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood.

197.    Plaintiff Ryan Neighly currently owns and resides at 800 South Santa Fe Avenue

unit D 15, Fountain, CO 80817. As a result of Ryan Neighly's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Ryan Neighly has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with high cholesterol and

ulcerative colitis.

198.    Plaintiff Samanthia Boyd currently owns and resides at 800 South Santa Fe Lot

G22, Fountain, CO 80817. As a result of Samanthia Boyd's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Samanthia Boyd has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

199.    Plaintiff James Gosselin currently resides at 800 South Santa Fe Lot D14, Fountain, CO 80817. As a result of James Gosselin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Gosselin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

200.    Plaintiff Annamarie Quijada currently owns and resides at 800 South Santa Fe Lot D14, Fountain, CO 80817. As a result of Annamarie Quijada's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Annamarie Quijada has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

201.    Plaintiff Joniqua Cole currently owns and resides at 800 South Sante Fe Lot G14, Fountain, CO 80817. As a result of Joniqua Cole's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joniqua Cole has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

202.    Plaintiff Sherry Hunter, individually and as parent and natural guardian of B.H., currently resides at 803 Ridgebury Lane, Fountain, CO 80817 with minor child B.H. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sherry Hunter and B.H. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Sherry Hunter has been diagnosed with High Cholesterol; Thyroid Problems.

203.    Plaintiff Robert Ford, individually and as parent and natural guardian of S.F., currently resides at 806 Libra Drive, Colorado Springs, CO 80906, with minor child, S.F.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Ford and S.F. have elevated levels of PFOA, PFOS, and/or PFCs in their blood,

and S.F. has been diagnosed with High Cholesterol; Thyroid Problems; Ulcerative Colitis.

204.    Plaintiff Amber Ford currently resides at 806 Libra Drive, Colorado Springs, CO 80906. As a result of Amber Ford's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amber Ford has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with thyroid disease, high cholesterol, and ulcerative colitis.

205.    Plaintiff Brande Ford currently owns and resides at 806 Libra Drive, Colorado Springs, CO 80906. As a result of Brande Ford's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brande Ford has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has diagnosed with Thyroid Problems; High Cholesterol, and Ulcerative Colitis.

206.    Plaintiff Peter Cano currently owns and resides at 81 Easy St., Colorado Springs, CO 80911. As a result of Peter Cano's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Peter Cano has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

207.    Plaintiff Julia Swonger, individually and as parent and natural guardian of A.S., currently resides at 810 Winebrook Way, Fountain, CO 80817 with minor child A.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Julia Swonger and A.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Julia Swonger has been diagnosed with High Cholesterol.

208.    Plaintiff Steven Swonger currently resides at 810 Winebrook Way, Fountain, CO 80817. As a result of Steven Swonger's exposure to elevated levels of PFOA, PFOS, and/or

PFCs in the drinking water supply, Steven Swonger has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

209.    Plaintiff Sherri Witcher currently owns and resides at 8160 Piute Rd Lot 79, Colorado Springs, CO 80926. As a result of Sherri Witcher's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sherri Witcher has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Problems.

210.    Plaintiff Kathleen Groves currently owns and resides at 8160 Piute Road, Colorado Springs, CO 80926. As a result of Kathleen Groves's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathleen Groves has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

211.    Plaintiff Katherine Baker currently owns and resides at 8160 Piute Road #206, Colorado Springs, CO 80926. As a result of Katherine Baker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Katherine Baker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with high cholesterol.

212.    Plaintiff Jamie Gibson, individually and as parent and natural guardian of K.G., currently resides at 8160 Piute Road #48, Colorado Springs, CO 80926 with minor child K.G. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jamie Gibson and K.G. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

213.    Plaintiff Kathy Metzger-Martinez currently owns and resides at 8160 Piute Road Lot 26, Colorado Springs, CO 80926. As a result of Kathy Metzger-Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathy Metzger-Martinez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been

diagnosed with High Cholesterol.

214.    Plaintiff Walter Brettschneider currently resides at 817 Grand Blvd, Colorado Springs, CO 80911. As a result of Walter Brettschneider's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Walter Brettschneider has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

215.    Plaintiff Linda Frazier currently resides at 8176 Elk River View, Colorado Springs, CO 80917. As a result of Linda Frazier's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Frazier has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

216.    Plaintiff Nickey Clore currently resides at 8182 Silver Glenn Drive, Fountain, CO 80817. As a result of Nickey Clore's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nickey Clore has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

217.    Plaintiff Jerome Gordon, Sr. currently resides at 819 Manitou Avenue #314, Manitou Springs, CO 80829. As a result of Jerome Gordon, Sr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jerome Gordon, Sr. has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

218.    Plaintiff Dedrick Papproth currently resides at 82 Watson Boulevard, Colorado Springs, CO 80911. As a result of Dedrick Papproth's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dedrick Papproth has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

219.    Plaintiff Amanda Shea currently resides at 82 Watson Boulevard, Colorado Springs, CO 80911. As a result of Amanda Shea's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Amanda Shea has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

220.    Plaintiff Larry Shea currently resides at 82 Watson Boulevard, Colorado Springs, CO 80911. As a result of Larry Shea's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Larry Shea has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

221.    Plaintiff Jeffery Foster currently resides at 821 Cardinal street, Colorado Springs, CO 80911. As a result of Jeffery Foster's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeffery Foster has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

222.    Plaintiff Elizabeth Foster currently resides at 821 Cardinal street, Colorado Springs, CO 80911. As a result of Elizabeth Foster's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Foster has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

223.    Plaintiff Alexandria Ohmes currently owns and resides at 8228 West U.S Hwy 24, Cascade, CO 80809 and previously resided at 7425 Franconia Terr., Fountain, CO  80817.. As a result of Alexandria Ohmes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alexandria Ohmes has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with pregnancy problems.

224.    Plaintiff Michael Sabo currently resides at 8348 Arbor Green Drive, Fountain, CO 80817. As a result of Michael Sabo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Sabo has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

225.    Plaintiff Celia Ancheta currently resides at 835 Fleming street, Colorado Springs, CO 80911. As a result of Celia Ancheta's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Celia Ancheta has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

226.    Plaintiff Ronald Jefferson currently owns and resides at 839 Legend Oak Drive, Fountain, CO 80817. As a result of Ronald Jefferson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ronald Jefferson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

227.    Plaintiff Robert Young currently owns and resides at 84 Leta Drive, Security, CO 80911. As a result of Robert Young's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Young has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

228.    Plaintiff Patrick Gorman currently resides at 841 Desert Circle, Fountain, CO 80817. As a result of Patrick Gorman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patrick Gorman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

229.    Plaintiff Michael Hall currently resides at 8414 Appleton Trl, Colorado Springs, CO 80925. As a result of Michael Hall's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Hall has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

230.    Plaintiff Katie Poe currently resides at 8424 Lundeen, Colorado Springs, CO 80925. As a result of Katie Poe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in

46

the drinking water supply, Katie Poe has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

231.    Plaintiff Ryan Carli currently resides at 8424 Lundeen Place, Colorado Springs, CO 80925. As a result of Ryan Carli's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ryan Carli has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

232.    Plaintiff Sandra Porter, individually and as parent and natural guardian of R.P., currently resides at 8463 Shadow Run Lane, Fountain, CO 80817 with minor child R.P. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sandra Porter and R.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Sandra Porter has been diagnosed with High Cholesterol.

233.    Plaintiff Sandra Porter, individually and as parent and natural guardian of K.P., currently resides at 8463 Shadow Run Lane, Fountain, CO 80817 with minor child K.P. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sandra Porter and K.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Sandra Porter has been diagnosed with High Cholesterol.

234.    Plaintiff Lesley Bursha currently owns and resides at 8475 Shadow Run Lane, Fountain, CO 80817. As a result of Lesley Bursha's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lesley Bursha has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

235.    Plaintiff Brandy Crisman currently owns and resides at 848 Bunting Ave, Fountain, CO 80817. As a result of Brandy Crisman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brandy Crisman has elevated levels of PFOA,

PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

236.    Plaintiff Ronald Ingram currently owns and resides at 848 Bunting Ave, Fountain, CO 80817. As a result of Ronald Ingram's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ronald Ingram has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

237.    Plaintiff Phillip Thomas II currently owns and resides at 7965 Enclave Lane, Fountain, CO 80817. As a result of Phillip Thomas II's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phillip Thomas II has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

238.    Plaintiff Phillip Jonathan Thomas currently resides at 7965 Enclave Lane, Fountain, CO 80817. As a result of Phillip Jonathan Thomas's  exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phillip Jonathan Thomas has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

239.    Plaintiff Phillip Benjamin Thomas currently resides at 7965 Enclave Lane, Fountain, CO 80817. As a result of Phillip Benjamin Thomas's  exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phillip Benjamin Thomas  has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

240.    Plaintiff Deborah Pina-Thomas as parent and natural guardian of Phillip Thomas III, currently resides at 7965 Enclave Lane, Fountain, CO 80817, with minor child P.T. As a result of his exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phillip Thomas III. have elevated levels of PFOA, PFOS, and/or PFCs in his blood.

**Defendants**

241. When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

242. The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

243. Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

244. Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

245. 3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

246.    3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

247.    Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

248.    Defendant TYCO was incorporated as a limited partnership on December 15, 2000. The name and mailing address of the sole general partner is Fire Products GP Holding, Inc. Fire Products GP Holding, Inc., is a New Jersey corporation having its principal place of business at 9 Roszel Road, Princeton, NJ 08540.

249.    Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as "TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

250.    Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is an Ohio corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

251.    At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

252.    Defendant CHEMGUARD is a Texas corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

253.    At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

254.    Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

255.    Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a Pennsylvania corporation having a principal place of business at One Carrie Place, Farmington, Connecticut. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

256.    KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

257.    KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Massachusetts corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

258.    KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

51

259.    Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

260.    Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

261.    Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

262.    Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

263.    Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

264.    WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

265.    KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

266.    Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

267.    Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

268.    KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

269.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

270.    Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

271.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

272.    NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

273.    At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

274.    AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

275.    AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

276.    AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

277.    Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

278.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

279.    Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

280.    The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

54

281.    In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

282.    The USAF uses 3% AFFF for its installations.

283.    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

284.    3M was the only company to manufacture PFOS-containing AFFF.

285.    In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

286.    Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

287.    In 1947, 3M began producing PFOA via ECF.

288.    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

289.    Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

290.    The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

55

291. PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

292. By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

293. As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

294. Early studies showed that PFCs accumulated in the human body and were toxic.

295. 3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

296. 3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

297. Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

298. In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

299. Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

56

300.    Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

301.    These injuries can arise months or years after exposure to PFOA.

302.    As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

303.    Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

### AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.

304.    Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

305.    Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

306.    At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

307.    The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

308.    For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

309.    Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

310.    AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

311.    At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

312.    In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

313.    As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

314.    Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

**AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater**

315.    Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

316.    Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

317.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

318.    At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

319.    Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

320.    The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the

groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

321.    PFOA and PFOS are present in all Defendants' AFFF products.

322.    Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

323.    Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

## MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY

324.    Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

325.    Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

326.    Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the

particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

327.    The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

328.    The market for AFFF is ascertainable through standard discovery means.

329.    It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

330.    Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

## CONSPIRACY

331.    Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

332.    Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

333.    Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

334.    Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

335.    Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

336.    Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

337.    Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

338.    Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

339.    Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

340.    Using their considerable resources to fight PFOA and PFOS regulation; and

341.    Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

342.    As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

343.    Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

344.    Created the need for testing and monitoring of Plaintiffs' health for known adverse health effects of PFOA and PFOS;

345.    Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

346.    Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

347.    Diminished, and will continue to diminish, the values of Plaintiffs' properties due to past, actual, impending, or threatened contamination.

**CAUSES OF ACTION FOR INDIVIDUAL CLAIMS**
**AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE**

348.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

349.    This cause of action is brought pursuant to Colorado law.

350.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

351.    Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were

manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

352.    Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

353.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

354.    Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

355.    Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

356.    Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

357.    Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

358.    Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

359.    Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

360.    The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

361.    As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

362.    Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

363.    Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

65

364.    Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

365.    As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

366.    Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

367.    As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

368.    Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

369.    Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

370.    Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

371. Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

372. Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

373. Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

374. Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

375. Plaintiffs have expended and/or will be required to expend significant financial resources to test and monitor for the presence of latent diseases for many years because of Defendants' conduct.

376. Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

377. Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

378.    Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the difference between the current value of their properties and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, including the need for medical monitoring as an element of damages, and actual, consequential, and nominal damages, flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

**AS AND FOR A SECOND CAUSE OF ACTION: MEDICAL MONITORING**

379.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

380.    This cause of action is brought pursuant to Colorado law.

381.    In Colorado, a claim for medical monitoring requires a Plaintiff to establish that: (1) Plaintiff has suffered a significant exposure to a hazardous substance through the tortious actions of defendant; (2) as a proximate result of this exposure, Plaintiff suffers from an increased risk of contracting a serious latent disease; (3) that increased risk makes periodic diagnostic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial.

382.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination

68

of the municipal and private well drinking water supplies of Fountain, Security, and Widefield, due to these communities' proximity to PAFB.

383.    Defendants knew or should have known that exposing humans to PFC-contaminated water would be hazardous to human health and the environment.

384.    Years of consuming PFC-contaminated water has exposed the Plaintiffs to PFOA, PFOS, and potentially other toxic substances as a result of the use, storage, and discharge of AFFF at PAFB.

385.    As alleged in this Complaint, given the persistence and bioaccumulative nature of PFOA and PFOS, PFOA and PFOS exposure leads to the bioaccumulation of PFOA and PFOS in the blood of humans exposed to water contaminated with PFOA and PFOS.

386.    Plaintiffs have suffered an injury due to the bioaccumulation of these hazardous substances in their blood.

387.    Furthermore, individuals with elevated levels of PFOA and PFOS in their blood, such as the Plaintiffs, are at a seriously increased risk of contracting numerous medical conditions, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

388.    Medical tests currently exist that can determine the level of PFOA and PFOS in the blood of an individual who has consumed PFOA- and PFOS- contaminated water.

389.    Given that exposure to and bioaccumulation of elevated levels of PFOA and PFOS in an individual's blood significantly increases the risk of contracting a serious medical condition, periodic medical examinations are both reasonable and necessary to detect latent diseases.

390.    A thorough medical monitoring plan, following common and accepted medical practices, can and should be developed for Plaintiffs to assist in the early detection and beneficial treatment of the diseases that can develop as a result of exposure to and bioaccumulation of PFOA and PFOS.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

391.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

392.    This cause of action is brought pursuant to Colorado law.

393.    As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

394.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

395.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

396.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

397.    Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing

PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

398.    Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

399.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

400.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

401.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

402.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

403.    Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

404.    Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

405.    Defendants' failure to warn was the direct and proximate result of the contamination, leading to the diminution in the value and marketability of the properties of the Plaintiffs. Plaintiffs have suffered the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

406.    As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

407.    As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

408.    As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

409.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## AS AND FOR A FOURTH CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

410.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

411.    This cause of action is brought pursuant to Colorado law.

412.    By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

72

413.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

414.    The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

415.    Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

416.    These alternative designs and/or formulations were already available, practical, and technologically feasible.

417.    The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

418.    As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

419.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

420.    Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

421.    The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

422.    Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

423.    As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, the value and marketability of the Plaintiffs' property has been and will continue to be diminished. Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

424.    As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

425.    As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

426.    As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

427.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## CLAIM FOR PUNITIVE DAMAGES

428.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

429.    Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

430.    Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

431.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

432.    Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

433.    WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

434.    a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

435.    an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

436.    an order for an award of attorneys' fees and costs, as provided by law;

437.    an award of pre-judgment and post-judgment interest as provided by law; and

438.    an order for all such other relief the Court deems just and proper.

## JURY DEMAND

439.     Plaintiffs demand a trial by jury of any and all issues in this matter so triable

pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 16, 2018                                   Respectfully Submitted,

                                                      **NAPOLI SHKOLNIK, PLLC**

                                                      */s/ Patrick J. Lanciotti*
                                                      Patrick J. Lanciotti
                                                      Hunter Shkolnik
                                                      Paul J. Napoli
                                                      Louise Caro
                                                      Tate J. Kunkle
                                                      360 Lexington Avenue, Eleventh Floor
                                                      New York, NY 10017
                                                      Telephone: (212) 397-1000
                                                      E-mail: pnapoli@napolilaw.com
                                                      E-mail: hunter@napolilaw.com
                                                      E-mail: lcaro@napolilaw.com
                                                      E-mail: tkunkle@napolilaw.com
                                                      E-mail: planciotti@napolilaw.com

                                                      **MCDIVITT LAW FIRM**
                                                      Michael McDivitt
                                                      Kelly Hyman
                                                      19 East Cimarron Street
                                                      Colorado Springs, CO 80903
                                                      Telephone: (719) 471-3700
                                                      E-mail: mmcdivitt@mcdivittlaw.com
                                                      E-mail: kyman@mcdivittlaw.com